**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

(1)  LAUREN HARVIN, GM-7405                          :
    (Name of Plaintiff)    (Inmate Number)     :
    SCI-DALLAS at 1000 Follies Road               :
    Dallas, PA 18612                              :
    (Address)                                     :
                                                  :
(2)_____    :        **3:17CW2254**
    (Name of Plaintiff)    (Inmate Number)     :          (Case Number)
                                                  :
    (Address)                                     :
                                                  :
    (Each named party must be numbered,           :
    and all names must be printed or typed)       :
                                                  :
                vs.                        :        **CIVIL COMPLAINT**
                                                  :
(1)  SUPERINTENDENT LAWRENCE MAHALLY;  :
                                                  :
(2)  DEPUTY SUPT. ZAKARAUSKA;          :    **FILED
    (3) DEPUTY SUPT. DEMMING; (4) U/M VARBYLA;    SCRANTON**
(3)  (5) GOYNE; and (6) MAJOR WHITE    :
    (Names of Defendants)                         :    DEC 0 7 2017
                                                  :
    (Each named party must be numbered,           :    PER_____
    and all names must be printed or typed)       :    DEPUTY CLERK

**TO BE FILED UNDER:** **\*\*\*\*** 42 U.S.C. § 1983 - STATE OFFICIALS

                     \_\_\_\_\_ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

**I.**    **PREVIOUS LAWSUITS**

    A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

               N/A

                     N/A

1

## II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.   Is there a prisoner grievance procedure available at your present institution? **** Yes ____No

B.   Have you fully exhausted your available administrative remedies regarding each of your present claims? ____Yes *** No

C.   If your answer to "B" is Yes:

1.   What steps did you take? I filed GRIEVANCE No. 690441, at SCI-DALLAS on 8/7/2017.

_____

2.   What was the result? _____ NEGATIVE!!! _____

i.e., Grievance was denied, as well as, all subsequent appeals!

D.   If your answer to "B" is No, explain why not: _____

_____

## III.   DEFENDANTS

(1) Name of first defendant: LAWRENCE MAHALLY

Employed as SUPERINTENDENT at SCI-DALLAS
Mailing address: 1000 Follies Road, Dallas, PA 18612

(2) Name of second defendant: ZAKARAUSKA    ZAKARAUSKA
Employed as DEPUTY SUPERINTENDENT at SCI-DALLAS
Mailing address: 1000 Follies Road, Dallas, PA 16812

(3) Name of third defendant: DEMMING
Employed as DEPUTY SUPERINTENDENT at SCI-DALLAS
Mailing address: 1000 Follies Road, Dallas, PA 18612

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV.   STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1.   *PLEASE REFER TO THE THREE(3) PAGES ATTACHED TO BACK OF THE COMPLAINT FOR FACTS IN SUPPORT OF STATEMENT OF CLAIMS*

_____

2. _____
   _____
   _____
   _____

3. _____
   _____
   _____
   _____

## V.    RELIEF

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1. * PLEASE REFER TO THE THREE (3) PAGES ATTACHED TO THE BACK OF THE COMPLAINT
   FOR FACTS IN SUPPORT OF THE STATEMENT OF CLAIMS* AS WELL AS, FOR THE RELIEF THAT
   IS SOUGHT BY THIS COMPLAINT**
   _____

2. _____
   _____
   _____
   _____

3. _____
   _____
   _____

I declare under penalty of perjury that the foregoing is true and correct.


Signed this ___16___ day of __November__, 20_17_.

(Signature of Plaintiff)

## STATEMENT OF FACTS

I am a NON-SMOKER and/or NON-CONSUMER of tobacco products of any sort. I arrived to SCI-DALLAS in December of 2011; and during the entire time that I have been housed at SCI-DALLAS, I have been exposed to inordinately high levels of SECONDHAND SMOKE (SHS) in the housing units, as a result of inmates and staff freely and openly consuming smoke tobacco products in inmate housing units with impunity; because of the complete absence of video recording cameras in the in-mate housing units.

Also, during the time that I have been at SCI-DALLAS, I have repeatedly com-plained about the intense levels of SECONDHAND SMOKE in the housing units possi-bly causing me serious health problems, but those informal complaints were ig-nored by staff; most who smoke themselves.

It was not until the latter part of 2016, and talking to a fellow inmate (BRAY JIBRIL MURRAY, #CG-8958) about the unmanageable smoking problems in the inmate housing units that I learned of the DOC 1.1.7. CLEAN INDOOR AIR ACT POLICY, and that by law neither inmates nor staff are permitted to use smoking tobacco indoors; which especially includes the inmates housing units of SCI-DALLAS.

However, still I did not file an official grievance about the extraordinari-ly high levels of SECONDHAND SMOKE in housing units (mostly out of fear of re-taliation by inmates and staff) until after being medically examined about chest pains, respiratory and breathing problems, that I have contracted BRONCHITIS, as a result of SECONDHAND SMOKE. The Physician Assistant (NURSE LARETTA) put me on the chronic medical list to receive regular treatment/medicine for BRONCHITIS, on August 4, 2017.

On August 7, 2017, I officially filed GRIEVANCE No.690441 However, the GRIEVANCE IS DENIED AT EVERY LEVEL OF REVIEW.

Lastly, the staff members who ignored informal complaints (via request slip) are: U/M VARBYLA, MAJOR WHITE; CCPM GOYNE; DEPUTY DEMMING; and DEPUTY ZAKARAUSKA.

FILED
SCRANTON

DEC 0 7 2017

PER _____
DEPUTY CLERK

## STATEMENT OF CLAIMS

### *ALL OF THE DEFENDANTS ARE BEING SUED IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES*

1. Defendants MAHALLY, ZAKARAUSKA, DEMMING, GOYNE, WHITE, and VARBYLA, violates the CRUEL...and DELIBERATE INDIFFERENCE CLAUSES OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION, by placing plaintiff in housing units where inmates and staff are permitted to freely and openly possess, use and consume SMOKING TOBACCO PRODUCTS (because of the complete absence of video recording cameras). Thereby, coercing plaintiff to live in a TOXIC TOBACCO SMOKE ENVIRONMENT, that not only had placed plaintiff's (and similarly situated NON-SMOKING INMATES') future health at grave risk, but also, has already adversely affected his present health and longevity (WITH BRONCHITIS).

2. Defendants MAHALLY, ZAKARAUSKA, DEMMING, GOYNE, WHITE, and VARBYLA, violates the CRUEL...and DELIBERATE INDIFFERENCE CLAUSES OF THE U.S. CONSTITUTION, by facilitating the trafficking and use of SMOKING TOBACCO PRODUCTS in an antiquated SCI-facility (namely DALLAS) that is severely ill-equipped to protect plaintiff (and similarly situated NON-SMOKING inmates) from exposure to extraordinarily high levels of SECONDHAND TOBACCO SMOKE in housing units.

3. Every SCI-facility of PA Dept. of Corrections have 24-hour video recording cameras installed in the inmate housing units, to ensure that neither staff nor the inmate population violate the Pa. CLEAN INDOOR AIR ACT. Thus, the Defendants MAHALLY, ZAKARAUSKA, DEMMING, GOYNE, WHITE, and VARBYLA, violates the EQUAL PROTECTION rights of plaintiff (and similarly situated NON-SMOKING inmates of SCI-DALLAS), as well as the DELIBERATE INDIFFERENCE CLAUSE of the EIGHTH AMENDMENT to the U.S. Constitution, by deliberately refusing and/or neglecting to install any video recording cameras in the inmate housing units, for the enforcement of the CLEAN INDOOR AIR ACT.

4. Defendants MAHALLY, ZAKARAUSKA, DEMMING, GOYNE, WHITE, and VARBYLA, violates the DELIBERATE INDIFFERENCE CLAUSE of the U.S. Constitution, by ignoring and/or refusing to respond to request slips of plaintiff's, beseeching that he be housed in a NON-SMOKING inmate housing unit, where neither his present nor future health is placed at risk of contracting bronchitis or cancer, because of daily exposure to extraordinarily high levels of SECONDHAND SMOKE in housing units, where inmates are freely permitted to possess, use and consume SMOKING TOBACCO PRODUCTS.

## RELIEF SOUGHT

1. COMPENSATORY DAMAGES (against the Pa. Dept. of Corrections) of $1,000.00 a day, for every day, that I have been in SCI-DALLAS, and exposed to extraordinarily high levels of SECONDHAND TOBACCO SMOKE, in the housing units;

2. PRELIMINARY INJUNCTION, that all inmates of SCI-DALLAS, be prohibited from buying smoking tobacco products, until proper renovations are completed on every housing unit, that will adequately protect the NON-SMOKING INMATE POPULATION FROM EXPOSURE TO EXTRAORDINARILY HIGH LEVELS OF SECONDHAND TOBACCO SMOKE;

3. PRELIMINARY INJUNCTION, that staff be prohibited from bringing smoking tobacco products into SCI-DALLAS facility, until either the outcome of lawsuit, or renovations are completed on every housing unit to protect the NON-SMOKING INMATE POPULATION from exposure to inordinately high levels of SECONDHAND TOBACCO SMOKE;

4. COMPENSATORY DAMAGES, against all the defendants (severally and jointly), in the amount of $5,000.00 a day, for every day that I have been exposed to extraordinarily high levels of SECONDHAND TOBACCO SMOKE in housing units, RESULTING IN PLAINTIFF CONTRACTING AND SUFFERING FROM THE SEVERE RESPIRATORY DISEASE BRONCHITIS; as well as, placing his future health at risk of contracting an even more pernicious disease, i.e., cancer.

5. PUNITIVE DAMAGES, against all of the Defendants (severally and jointly), in the amount of $10,000.00 a day, for every day (since DECEMBER of 2011), for placing me in housing units with unmanageable and extraordinarily high levels of ENVIRONMENTAL TOBACCO SMOKE, resulting in plaintiff contracting and suffering from the severe respiratory disease BRONCHITIS; as well as, placing his future health at grave risk of contracting the much more pernicious disease CANCER.

6. DECLARATORY RELIEF, declaring that the acts and omission of the defendants have violated Plaintiffs Rights, and stating the defendants duties with respect to those rights;

7. ANY other relief that the court deem just and proper; i.e, nominal relief.

8. Trial by jury is hereby demanded on all claims alleged herein, and the parties are hereby given notice, pursuant to fed, R. Civ. P. 36 (a) (c)

Respectfully Submitted

Lauren Harvin GM-7405

Date: November 16th, 2017

